## HOLLIDAY v. ARTHUR.

Mortgage: ABSOLUTE CONVEYANCE. A conveyance, though absolute on its face, if intended merely as a security, will in equity be treated as a mortgage, from which the person who executed the conveyance may redeem upon the payment of the sums thus secured.

*Appeal from Fayette District Court.*

THURSDAY, JUNE 4.

THE decree of the District Court in this cause was affirmed at the June Term, 1867, of this court. A rehearing was ordered upon the petition of the appellant and the cause again submitted at the June Term, 1868.

*Wm. McClintock* and *Reuben Noble* for the appellant.

*McGlathery & Berkey* for the appellee.

BECK, J. — After a careful reconsideration of the evidence disclosed by the record, and the law of the case,

MORTGAGE: absolute conveyance. we are of the opinion that plaintiff is entitled to the relief given him by the decree. The evidence, though conflicting, satisfactorily sustains the plaintiff's claim that the conveyances, though absolute in form, were really executed to secure advances made by defendant. They, of course, will be considered, in equity, as mortgages, from which plaintiff may redeem the property conveyed therein, by payment of the sums advanced with interest.

Holliday v. Arthur.

It is claimed upon the rehearing that, in addition to the sum found by the decree as the amount of the indebtedness of plaintiff to defendant, to be paid in order to entitle plaintiff to a reconveyance of the property, the further sum of $325, being the amount of an incumbrance paid by defendant, should have been included in the decree to be paid by plaintiff.

A witness states that defendant did pay the amount of $325, upon an incumbrance held by him on plaintiff's lands, and the answer admits an undertaking on the part of defendant for the payment thereof.

It does not appear, however, whether the note and mortgage were assigned to defendant, or were canceled. The defendant ought to be re-imbursed for his outlay in the payment of this incumbrance, and plaintiff protected against it after defendant is paid the amount he has so advanced.

The decree of the District Court will be reversed, and the cause remanded, with instructions. that a proper decree be entered requiring plaintiff to pay $249, the sum found due defendant by the original decree, with interest, upon the terms fixed therein, and also the further sum of $325, the amount of said incumbrance and interest thereon, provided defendant shall cancel said note and mortgage and cause proper satisfaction to be entered upon the record, and thereupon the defendant to execute a proper conveyance of the lands to plaintiff, and in default of his so doing a commissioner to be appointed to convey the lands to plaintiff. But in case the said note and mortgage are not canceled, and proper satisfaction entered of record before the day fixed for the payment of the money by plaintiff, then defendant, or, in default of such conveyance by him, the commissioner, shall convey said lands to plaintiff, upon the payment of said sum of $249 and interest only. Reversed.