SPURGIN v. ADAMSON ET AL.

1. **Redemption:** FROM MORTGAGE FORECLOSURE: BY JUNIOR LIEN-HOLDER NOT MADE A PARTY. A junior lien-holder has in equity a right to redeem from a senior mortgage until that right is cut off by foreclosure, and it is not affected by foreclosure proceedings to which he is not made a party. Such equitable right to redeem is not taken away or abridged by the statute providing for redemption after foreclosure.

2. ——: ——: OF HOMESTEAD BY JUDGMENT CREDITOR. A mere judgment creditor has no lien upon the debtor's homestead, and he has no right to redeem the same from one who purchases it under the foreclosure of a senior mortgage.

3. ——: ——: TERMS OF. A junior incumbrancer, in making redemption from a senior mortgage, is required to pay the full amount of the mortgage debt, even though he seeks to redeem but a part of the mortgaged premises.

4. **Mortgage:** PAYMENT OR PURCHASE OF: MERGER: REDEMPTION. Where one obtains the legal title to land under the foreclosure of a mortgage made by another, and he afterwards purchases and has assigned to him a junior mortgage made by the same mortgagor upon the same land, under the circumstances revealed in this case, the transaction will not be regarded as a payment of the junior mortgage, and a judgment creditor not made a party to the forecloseure suit, but whose judgment is of later date than the junior mortgage thus purchased, cannot redeem in equity from such purchaser, without paying the amount of the junior as well as of the senior mortgage.

5. **Action in Equity:** PARTIES DEFENDANT. All the persons necessary to the full and final determination of the interests involved should be made parties to a suit in equity; but the rights and liabilities of such as are not made parties cannot be adjudicated.

6. **Redemption:** FROM MORTGAGE FORECLOSURE: BY JUNIOR INCUM-BRANCER NOT MADE A PARTY: TERMS OF. One who purchases real estate under the foreclosure of a mortgage, to which a junior incumbrancer was not made a party, holds the property subject to redemption by such junior encumbrancer, and must account for the rents and profits of the premises while enjoyed by him, and is entitled to credit for improvements made and for taxes paid upon the land.

*Appeal from Warren Circuit Court.*

TUESDAY, JANUARY 29.

ACTION by a junior incumbrancer to redeem from a mort-

62 661
78 28

62 661
94 552

62 661
d108 90

62 661
119 136

62 661
126 257
f126 597

gage which had been foreclosed without making the incum-
brancer a party to the foreclosure proceeding. The relief
sought by plaintiff was granted by the decree of the circuit
court. Defendant and an intervenor appeal. The facts of the
case appear in the opinion.

*Creighton, Hays & Creighton* and *Henderson & Berry*,
for appellants.

*Todhunter & Hartman*, for appellee.

BECK, J.—I. The facts, as shown by the evidence and the
admissions of the pleadings, are as follows:

1. November 30, 1872, Nathan Adamson and his wife,
Amy J., executed a mortgage upon the S. $\frac{1}{2}$, S. W. $\frac{1}{4}$, Sec. 12,
Twp. 75, R. 22 W. 5 P. M., to W. H. Schooley, upon which a
decree of foreclosure was rendered, March 6, 1877, for $354.60,
and the land was sold thereon in separate parcels to Hugh R.
Creighton, the east "forty," less three acres, for $300, and
the west "forty," less three acres, for $87.50. The west
"forty" was the homestead of Nathan Adamson and wife.
The sheriff's certificates issued upon the sale of these lands
were assigned to Joseph Adamson, and two deeds, one for
each "forty," were executed to him by the sheriff May 4,
1878.

2. Plaintiff in this case, on the 13th day of January, 1877,
recovered two judgments against Nathan Adamson for the
aggregate amount of $312.55, upon which the east "forty"
(less three acres) was sold, and a deed was made to plaintiff
therefor, March 7, 1878.

3. Plaintiff was not made a party to the foreclosure pro-
ceedings of the Schooley mortgage, and by this action he
seeks to redeem, under his equity of redemption, the east
"forty," and to recover the rents and profits of the land,
which has been in possession of defendants, and asks that an
accounting be had therefor.

4. On the 8th day of December, 1873, Nathan Adamson

and wife executed a mortgage, covering all of the above described land, to Farr, to secure $700, which was transferred to the defendant, Joseph Adamson.

5. Joseph Adamson acquired the sheriff's deeds under the Schooley foreclosure, and the assignment of the Farr mortgage, as a trustee for the intervenor, Amy J. Adamson, and holds the same for her use and benefit.

6. The evidence shows that Joseph Adamson executed a mortgage, for money borrowed, to the Hartford Life & Annuity Insurance Company upon the lands, which was used in payment for the transfer of the Farr mortgage, assigned, as just stated, to him.

The decree of the district court provides that the Adamsons may redeem from the sheriff's sale made to plaintiff, within a time specified, by paying the amount bid by him, with interest at ten per centum per annum from the date of the sale, and, if they fail to make such redemption, the plaintiff may redeem all the lands sold upon the foreclosure of the Schooley mortgage, upon paying the amount bid, namely, $387.50, with ten per centum per annum interest from the day of sale. The decree further provides that, in case the Adamsons fail to pay the mortgage to the Hartford Life & Annuity Insurance Company, the plaintiff shall retain from the money to be paid by him to redeem the land a sum equal to the amount of that mortgage and the interest thereon, and shall thereupon become personally liable therefor to the Insurance Company. The decree declares that plaintiff, upon redemption from the Schooley mortgage, shall become vested with all the rights and interest, acquired under the sheriff's deeds by the Adamsons.

II. It is insisted that the only right of redemption held by plaintiff was that conferred by the statute, and that, as the time within which that right may be exercised under the statute had expired before this suit was brought, he is not entitled to redeem from the mortgage. It cannot be doubted that he lost the

1. REDEMP-
TION: from
mortgage
foreclosure:
by junior lien-
holder not
made a party.

statutory right to redeem, and we do not understand that he claimed it.

But the plaintiff, as the holder of a lien upon the property, has, in equity, a right to redeem until that right is cut off by foreclosure. As this was not done, and he was not made a party to the action to foreclose, he retains this equitable right. Defendants insists that this equitable right of redemption is merged in the statutory right, and limited, as to the time of its exercise, by the provisions of the statute. There is nothing to be found in the statute taking away the equity of redemption and substituting therefor the statutory redemption. Code, § 3321, provides that sales of land under foreclosures of mortgages are subject to redemption as in cases of sales upon general executions. Under this statute, an incumbrancer, or one holding an interest in the land, which, under the statute, would give him the right to redeem, may exercise that right within the time prescribed by the statute, although he was a party to the foreclosure action, and his equity of redemption was cut off by the decree of foreclosure. The equity of redemption ceases to exist after the expiration of the time fixed by the decree of foreclosure, or the rules of chancery applicable thereto. The statute, under our view, confers a right upon the junior incumbrancer not given by chancery. By its terms it does not limit the right of redemption before existing under the rules of equity. That right is, therefore, not taken away by it. It was not the purpose of the statute, in conferring this right of redemption, to take away another and different right recognized by equity. The equity of redemption exists independent of statute, and will be enforced by the courts of chancery until it is taken away by express legislative enactment.

III. The plaintiff's judgments were not liens upon that portion of the lands occupied as a homestead. The equity

2. ——: ——: of redemption exists only in favor of those who
of homestead hold liens upon, or some interest in, the mort-
by judgment
creditor. gaged property. Plaintiff, having no such lien or interest, holds no equity of redemption. His right of re-

demption under the statute had expired before he instituted this proceeding. The circuit court, therefore, erred in permitting plaintiff to redeem the homestead.

IV. The Farr mortgage was a lien on the lands superior to plaintiff's judgments. Plaintiff cannot and ought not to

3. ——: ——: hold the land upon his judgment and sale, with-

terms of. out redeeming from this mortgage. It is now held, under an assignment, by Joseph Adamson; plaintiff must redeem from it as well as the Schooley mortgage before he can enforce his judgments. *Holliday v. Arthur*, 25 Iowa, 19. To avoid another action, all the parties in interest being before the court in this case, the decree ought to provide for the exercise of this right of redemption, and the terms upon which the redemption should be made. A junior incumbrancer, in making redemption from a senior mortgage, is required to pay the full amount of the mortgage debt. *Johnson v. Harmon*, 19 Iowa, 56; *Knowles v. Rablin et al.*, 20 Id., 101. And a purchaser or junior mortgagee of a part of the mortgaged premises, in order to redeem, is required to pay the whole debt secured by a prior mortgage. *Douglass et al. v. Bishop*, 27 Iowa, 214; *Knowles v. Rablin et al.*, *supra;* *Street v. Beal & Hyatt*, 16 Id., 68; *Massie v. Wilson*, Id., 390. Plaintiff, in order to redeem from the Farr mortgage, must pay the whole mortgage debt secured by that mortgage.

V. Plaintiff claims that the evidence shows that Joseph Adamson "paid off" the Farr mortgage. The evidence clearly

4. MORTGAGE: proves that Joseph Adamson borrowed from the

payment or purchase of: Hartford Life & Annuity Insurance Company

merger: redemption. money which he applied to the purchase of the Farr mortgage. He secured the company by a mortgage upon the lands before mortgaged to Schooley, which, it will be remembered, he acquired under the foreclosure, as we have explained above. The Farr mortgage was assigned to him, and he executed a proper instrument whereby it was made

junior to the mortgage to the insurance company. It will be remarked that Joseph Adamson was not the mortgagor in the Schooley mortgage. It was executed by Nathan and Amy J. Adamson. The evidence clearly shows that the transaction was not the payment of the Farr mortgage by Joseph Adamson, but was a purchase and assignment of that instrument to him. As the mortgage remains unsatisfied, and is a lien senior to plaintiff's judgments, plaintiff must redeem therefrom by payment of the amount due thereon. *Holliday v. Arthur, supra*.

· VI. The mortgage executed by Joseph Adamson to the insurance company is shown by the abstract before us to be 5. ACTION in junior to plaintiff's judgments. The rights and equity: parties defendant. liabilities of the parties under that mortgage cannot be determined now, as the holder thereof is not a party to this suit. It may be that, if that mortgage was a lien senior to plaintiff's judgments, he would be permitted to apply a sufficient amount of the sum which he is required to pay to redeem under the Schooley and Farr mortgages, to the payment of that mortgage, and have credit accordingly. It may also be that the insurance company can redeem from plaintiff's judgments, and, if it may do so, it possibly would not be required to pay the amount of the Farr mortgage. And it may be, too, that, if it cannot do so, and its mortgage cannot in any manner be enforced against the land, then, on the ground that defendant is personally liable for the debt attempted to be secured on the land, the amount thereof ought to be considered in determining the sum to be paid by plaintiff. These questions cannot be determined until the insurance company is made a party to the action, which ought to be done when the case is remanded, to the end that the rights of all persons concerned may be settled.

VII. The evidence shows that Joseph Adamson acquired the land under the sheriff's sale, upon the foreclosure of the

6. REDEMP-
TION. from
mortgage
foreclosure:
by junior lien-
holder not
made a party:
terms of.

Schooley mortgage, for the intervenor, Amy Adamson. The arrangement between them was, in effect, that he should purchase the land, advancing the money for that purpose, and hold the title of the property until she should repay him. Amy remained in possession, and has received the rents and profits of the land. Joseph holds the land in trust for Amy to secure the amount advanced by him. If he is to be regarded as a creditor of Amy, holding the land as a mortgagee, plaintiff is not required to redeem from him, for the reason that the debt and equitable mortgage, arising by reason of the conveyance to him to secure the advances made, were subsequent to plaintiff's judgments. On the other hand, if he is simply a trustee for Amy, and the parties seem to so regard him, his rights are not other or different from those which would be held by Amy, were the title of the land in her own name. He is, therefore, to be regarded as the purchaser of the lands at the foreclosure sale; not as the mortgagee of Amy. A mortgagee in possession of land, either before foreclosure, or under a foreclosure sale and a deed made thereon, must account for rents and profits, and, in a proper case, be credited for improvements, upon redemption by a junior incumbrancer. *Montgomery v. Chadwick*, 7 Iowa, 114; *Ten Eyck v. Casad & Rowley*, 15 Id., 524; *Green v. Turner*, 38 Id., 112. This doctrine is recognized in *Dungan v. Von Phul*, 8 Id., 263; *Johnson v. Harmon*, 19 Id., 56, and *Gower v. Winchester*, 33 Id., 303.

A purchaser under a foreclosure of a mortgage, as to a junior incumbrancer entitled to redeem for the reason that he was not made a party to the foreclosure proceeding, is regarded as the assignee of the mortgage, and holds no other rights than would be held by the mortgagee, were redemption made while the mortgage was held by him, or were he the purchaser at a foreclosure sale. *Anson v. Anson*, 20 Iowa, 55. The defendant and intervenor, under these decisions, must account for rents and profits, and have credit for im-

provements made by them upon the land. They should be credited, also, with taxes paid. See *Anson v. Anson, supra.* The foregoing discussion disposes of all questions in the case. The cause will be remanded to the court below, with directions that plaintiff be required to make the Hartford Life & Annuity Insurance Company a defendant. After its rights shall be determined upon pleadings and evidence to be submitted by it, or by its default, if it fail to appear, decree will be entered in harmony with this opinion.

REVERSED.