## Sallie G. Owens, Appellant, v. Commonwealth Trust Company, Appellee.

1. MORTGAGES, § 697*—*when tenant in common may redeem.* An owner of an undivided one-half of land joining with her cotenant in executing a mortgage, and the land being sold *en masse* in foreclosure, can redeem only by paying the whole of the purchase price and interest and cannot redeem one-half of the land by making a payment.

2. TENANCY IN COMMON, § 6*—*title acquired in redeeming from foreclosure.* Where tenants in common, each having an undivided one-half interest in land, join in executing a mortgage, one of them redeeming the whole of the land after a foreclosure sale is restored to her ownership of one-half and has an equitable lien on the other half to enforce contribution from the cotenant.

3. MORTGAGES, § 697*—*when right to redeem is not affected by bad faith of tenant in common.* Where two cotenants execute a mortgage on their land and the mortgagee furnishes a son of a cotenant the money to purchase the land at the foreclosure sale, who assigned the certificate of purchase to the mortgagee as security for the money, and such secret arrangement between the mother, son and mortgagee, by which mother and son would be

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

gainers at the other cotenant's expense, is such bad faith as will not operate to defeat redemption by the cotenant.

4. TENDER, § 4*—*sufficiency in equity.* The law of tender is less rigid in equity than in law.

5. MORTGAGES, § 712*—*when tender to redeem is sufficient.* On redemption from a foreclosure sale by one of two tenants in common who joined in the mortgage, a tender is sufficient if an offer to pay the proper amount is made and there is proof of present ability to carry out the offer.

6. MORTGAGES, § 712*—*when tender to redeem is sufficient.* On a bill to redeem from a foreclosure sale, a tender is sufficient where the mortgagee testified that she went to the office of the purchaser with a representative of the party she was to borrow the redemption money from, who had with him for mortgagor's use a certified check for the amount required to redeem, offered to pay the amount required and that redemption was refused.

7. MORTGAGES, § 712*—*when tender sufficient without counting out money.* On a bill to redeem from a foreclosure sale it cannot be contended that the actual money to redeem was not counted out to the purchaser when no objection of that kind was offered when a tender was made.

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

SALLIE G. OWENS, *pro se.*

CHARLES CAMPBELL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in chancery brought by appellant against appellee to enforce the right of redemption of certain lands sold under a decree of foreclosure.

The bill alleges that appellant and her sister, Cora Owens Hume, were the sole and equal owners of about two hundred and forty acres of land situated in Marion county; that said owners executed a mortgage on said premises to the Prudential Insurance Company of America; that said mortgage was foreclosed and the land sold by the masters in chancery, July 1, 1911;

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

that appellee was the representative of the mortgagee at the time and before the foreclosure proceedings were instituted.

The bill further alleges that W. G. Hume, the son of Cora Owens Hume, was the purchaser at the foreclosure sale, and that the money used to make the purchase was furnished by the appellee, and the said W. G. Hume thereupon assigned the certificate of purchase to appellee; that the said Cora Owens Hume made no effort to redeem from the sale so made to her son. The bill further alleges that on June 29, 1912, appellant went to the office of appellee, Commonwealth Trust Company in St. Louis, Missouri, and made a tender to it of the full amount necessary for redemption, and that appellant refused to accept the same.

Appellant clearly had the right to redeem by paying or offering to pay the purchase price and the interest required by statute. She was the owner of an undivided one-half of the land. She and her cotenant, her sister, joined in the execution of the mortgage which was foreclosed.

The sale was *en masse* and she could redeem only by paying the whole of the purchase price. She could not under the statute have redeemed one-half of the land by paying one-half of the amount necessary to redeem the whole.

The redemption of the whole would have restored appellant to her ownership of her one-half and given an equitable lien upon the other half to enforce contribution from her sister. The court erred in holding that appellant by redeeming would only acquire an interest in the undivided one-half she owned before the foreclosure sale. *Fischer v. Eslaman,* 68 Ill. 78.

This principle of law only becomes material on consideration of the views expressed by the court during the trial.

Counsel for appellee to sustain the decree of the trial, relied solely upon the alleged failure of appellant

to present legal tender of the amount necessary to redeem from the foreclosure sale.

The doctrine of equity is compensation, not forfeitures. Appellee was the mortgagee. Appellee furnished W. G. Hume the money to purchase the land at the foreclosure sale. Hume, to secure the money so obtained, assigned this certificate of purchase to appellee. While the record does not show actual fraud and collusion to defeat appellant's right of redemption, the record shows enough to indicate that her sister was willing to take the whole property through the purchase of her son and leave appellant out of consideration altogether. Good faith on the part of appellant's sister required fair co-operation to protect their common interests, and a secret arrangement between Mrs. Hume and her son and appellee, by which Mrs. Hume and her son should be gainers at appellant's expense would not be regarded as good faith on the part of Mrs. Hume.

The law of tender is less rigid in equity than in law. It is enough, in such cases as this, if an offer to pay is made and there is proof of present ability to carry out the offer. *Doyle v. Teas*, 5 Ill. (4 Scam.) 202.

Appellant testified she went to the office of appellee with a representative of the party she was to borrow the money from and offered to pay the amount necessary to redeem, and appellee refused to allow her to redeem. Appellant says the party with her had with him, for her use in that matter, a certified check for twelve thousand dollars. The amount required to redeem was less than that sum.

Unless we can say the evidence shows that appellant testified falsely about being prepared to pay by certified check, we must conclude she was able to make the payment at the time she went to appellee's office in St. Louis. Appellee did not base its refusal to accept the payment on the ground that no legal tender was made. There is no denial by appellee that appellant went to its office and made the tender or offer of payment, just as she detailed in her testimony.

It is contended here, however, that the actual money was not counted out at that time. No objection of that kind was then offered by appellee.

The evidence of what was said and done at the time appellant went to appellee's bank rests solely on the testimony of appellant and that is quite brief. It must be accepted unless disproved, or in some way impeached by the facts and circumstances proved in this case.

We cannot say it has been discredited beyond belief, but must hold that she did offer to redeem and the offer was refused, and that she was prepared with certified check to make her offer good, and under such a state of facts it was inequitable to refuse her offer and so deny her the right of redemption. The decree dismissing complainant's bill was erroneous.

The case will be reversed and remanded.

*Reversed and remanded.*