## Sallie G. Owens, Appellant, v. Commonwealth Trust Company and William G. Hume, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed September 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Sallie G. Owens, complainant, against the Commonwealth Trust Company and William G. Hume, defendants, in the Circuit Court of Marion county, to redeem lands from a foreclosure sale. The cause was before this court on a prior appeal in *Owens v. Commonwealth Trust Co.*, 183 Ill. App. 605, wherein is to be found a full statement of the case. The lands sought to be redeemed were sold by a master in chancery on July 1, 1911, under foreclosure of a mortgage. June 29, 1912, defendant Commonwealth Trust Company refused complainant's tender of the amount due, and a decree dismissing the bill was reversed on the ground that the tender made preserved the right to redeem.

Upon the remanding of the cause one W. H. Owens was permitted to appear and answer herein, claiming that the Commonwealth Trust Company held this certificate as security and that it was owned by him subject to the interests of the company, and by which answer it was sought to fix the interests of himself and the company in this fund when redemption should be made. Complainant by motion sought to set aside the order permitting Hume to become a party defendant, and to answer, which was denied, and the cause was heard upon the bill, answers and the evidence, and a decree rendered granting complainants four months in which to redeem, upon payment to the master, or per-

sons interested, of the amount for which the property was sold at the foreclosure sale, together with legal interest from June 29, 1912, the time tender was made, and with the amount paid out for taxes, with legal interest. The decree was rendered on February 25, 1914, and it is from this decree that she prosecutes this appeal. From the decree, complainant appeals.

Sallie G. Owens, *pro se.*

Charles Campbell and Kagy & Vandervort, for appellees.

Mr. Presiding Justice McBride delivered the opinion of the court.

### Abstract of the Decision.

1. Mortgages, § 725*—*when right to redeem begins.* In a bill to redeem land from a sale under foreclosure of a mortgage, where the decree grants the right to redeem on certain conditions within four months of a specified date, it is immaterial whether the decree was actually entered on such date, as shown by the record, or at a later date as claimed by complainant, since the right to redeem is fixed as from such specified date.

2. Mortgages, § 725*—*when time for redemption allowed by decree not shortened.* In a bill to redeem land from a sale under foreclosure of a mortgage, where a former decree dismissing the bill was reversed on appeal on the ground that complainant had preserved her rights to redeem by making a valid tender of the amount due within the time for redemption, which tender was refused by defendant, such tender being made June 29, 1912, a decree entered, after hearing on remand, granting complainant leave to redeem on certain conditions within four months from February 25, 1914, *held* that the fact that the right to redeem was fixed from such date and not from the date of entering the decree, two months later, did not operate to shorten the time for redemption allowed by the decree, the extension of time for redemption being liberal.

3. Tender, § 14*—*when presumed maker of tender able to pay amount at time of hearing.* Since a tender must be kept good to reap the benefits thereof, a decree granting relief on the basis of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Owens v. Commonwealth Trust Co. et al., 196 Ill. App. 571.

rights preserved by such tender involves the presumption that the maker of the tender was able to pay the amount of such tender at the time of the hearing, as a result of which the decree was entered.

4. MORTGAGES, § 709*—*when decree does not require payment of excessive amount to redeem property.* In a bill to redeem land from a sale under foreclosure of a mortgage, where a previous decree dismissing the bill had been reversed on the ground that a valid tender had been made preserving the right of redemption, a decree, after hearing on remand, granting complainant the right to redeem within a named time on payment of the amount for which the property was sold, without interest from the date of tender to the date of hearing, together with the taxes paid by defendant on the property sought to be redeemed between the time of sale and the date of the hearing, *held* not to require complainant to pay an excessive amount as a condition of the redemption allowed.

5. MORTGAGES, § 710*—*when party buying at foreclosure sale entitled to reimbursement for taxes paid upon redemption.* It is just and equitable that one buying property at a foreclosure sale should in case of a redemption under an order of court be reimbursed for the amounts paid out for taxes in order to protect the title of the property bought.

6. MORTGAGES, § 715*—*when claimant of redemption fund properly allowed to appear and answer bill to redeem.* In a bill to redeem land from a sale under foreclosure of a mortgage, no error is committed of which complainant can complain where one not a party to the bill is permitted to appear and answer in order to determine the rights, as between himself and defendant, to the amounts to be paid as a condition of the redemption sought, it appearing that no complaint was made as to the distribution of the redemption fund between the claimants, and that the amount to be paid by complainant as a condition of redemption was not affected by the action of the court in permitting such appearance and answer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.