WILLIAM KUPPER, Appellant, v. RICHARD SCHLEGEL et al., Appellees.
No. 38955.

APRIL 2, 1929.

*Hoersch & Hoersch,* for appellant.

*J. William Fox* and *Cook & Balluff,* for appellees.

DE GRAFF, J.—This is a case of novel impression in this court. The question presented involves the construction of Sec-

tion 11795, Code of 1924, presently noted. We first review the facts. It appears that one Martha Schumacher, in her lifetime, was the owner of a certain parcel of real estate in Davenport, Iowa, and upon her decease, intestate, she left surviving her a husband and eight children, as her sole heirs at law, who may be viewed as tenants in common at all times material to the issue involved. The husband and children executed a number of mortgages to one William Hoersch, incumbering said real estate. These mortgages were assigned to Amelia Hoersch, who foreclosed the same, December 24, 1925, in the district court of Iowa in and for Scott County. Sale on execution was had April 30, 1926, to the defendant (appellee) Richard Schlegel, who paid the sum of $566.85.

The facts further show that the plaintiff, Kupper, during the statutory period of redemption purchased from the surviving husband of Martha Schumacher and from four of the children all of their respective interests in said real estate, whereby there was conveyed a two-thirds interest in said real estate to plaintiff. These interests were evidenced by quitclaim deeds to the plaintiff, Kupper, dated respectively April 4, April 7, and April 13, 1927.

It further appears that, on April 18, 1927, plaintiff attempted to redeem from the execution sale the undivided two-thirds of said real estate, and tendered to the clerk of the court two thirds of the judgment, costs, and accrued interest, in the sum of $543.11. This action was commenced by plaintiff to confirm the shares of the parties, as alleged, and for the sale of the real estate, and for a pro-rata distribution of the proceeds of the partition sale.

The question on this appeal may be stated as follows: May the assignee of certain tenants in common against whom a judgment in foreclosure was entered, redeem what he terms his undivided interest in the mortgaged land sold under special execution, by paying to the clerk a pro-rata part of the amount paid by the certificate holder, predicated on the theory that he (assignee) has an undivided share of the tenancy in common, by virtue of his quitclaim deeds executed to him by certain of the tenants in common who were jointly and severally liable on the indebtedness in question? That is to say, is such assignee legally privileged to redeem his alleged interest by paying to

the clerk an amount of money proportionate to his alleged interest to the amount paid by the purchaser on the execution sale? Does this question find answer in the statute governing redemption? (Chapter 500, Code of 1924). It is the contention of the appellant, Kupper, under the statutory provision (Section 11795), that a tenant in common may redeem from an execution sale upon payment of that proportionate part of the debt which represents his proportionate ownership in the real estate sold *en masse* under execution. It may be conceded that Kupper did tender the proper and proportionate share, in making his attempted redemption of what he claims to be his "undivided portion of the land sold on execution." Was this permissible, under the statute, or was he compelled, as contended by appellee, in order to effect a redemption, to pay the full amount paid by the certificate holder, with interest and costs? It is obvious that plaintiff's grantors were parties to the foreclosure suit, and that plaintiff is now simply standing in their place and subject to their obligations. The plaintiff is a quitclaimant only, and has no greater rights than his grantors had in the real estate in question. The statutory provision around which this appeal gravitates is Section 11795, Code of 1924, which reads as follows:

"When the interests of several tenants in common have been sold on execution, the undivided portion of any or either of them may be redeemed separately."

Such was the rule of chancery. This section of the Code is a part of Chapter 500, Code of 1924, entitled "Redemption." This chapter is comprehensive, and provides the entire method of redeeming from execution sale under judgment in foreclosure. In other words, this chapter defines and prescribes who may redeem, the time allowed for redemption, and the amount to be paid; and when the question arises "as to the right to redeem, or the amount of any lien," the statute determines how and the manner in which such questions shall be settled. Section 11792, Code of 1924. This section found its origin in our redemption chapter in the Code of 1897, Section 4057. At no place in this chapter is there a provision which permits a payment on redemption of a less amount than that paid by the certificate holder, with interest and costs, except when the land is sold in

parcels. Section 11794. Section 11795, in Chapter 500, Code of 1924, is first found as Section 1944, in Chapter 110, Code of 1851. That chapter is under the caption "Executions." Is it possible to discover the legislative intent in the enactment of the original statute? Under the early chancery rule, or, as it is sometimes called, the common-law rule, a co-tenant had the right to redeem his separate interest in the land foreclosed and sold on execution sale; but he was obligated to pay the full purchase price, to redeem the common property and to hold the same with the right to compel his co-tenants, by action in equity for contribution, to pay his or their proportionate part or proper equitable amount of the redemption price paid by the redeeming co-tenant. This carries the thought that the redeeming co-tenant cannot hold the property adversely to the interests of his co-tenant, and if the co-tenant desires to recover his interest in the common property, he is privileged to do so, as above stated.

This rule is well illustrated in the case of *Owens v. Commonwealth Tr. Co.*, 183 Ill. App. 605, wherein the common-law or chancery rule is stated and applied, to wit: That, where tenants in common, each having an undivided interest in land, join in executing a mortgage, the one of them redeeming the whole of the land after foreclosure sale is restored to his ownership, and has an equitable lien on the other undivided interests to force contribution from his co-tenants; and that, when the land is sold *en masse* in foreclosure, a tenant in common can redeem only by paying the whole of the purchase price and interest, and cannot redeem one half (his undivided portion) of the land by making a payment. In the *Owens* case, supra, there were two co-tenants, each holding an undivided one-half interest in the land in question. This rule was made final in said cause in 196 Ill. App. 571.

In the case of *Fischer v. Eslaman*, 68 Ill. 78, it is held that, where one tenant in common removes an incumbrance from the common estate, the other tenants must contribute to the extent of their respective interests; and, to secure such contribution, a court of equity will enforce upon such interests an equitable lien of the same character as that which has been removed by the redeeming tenant. This doctrine of contribution was also made applicable to partners; and where one of two partners redeemed the land of both, under the circumstances of the case, he may

compel contribution in equity from his co-partner for the sum paid by him, with interest from the time the payment was made. *Downs v. Jackson*, 33 Ill. 464.

It is said in *Bozarth v. Largent*, 128 Ill. 95, l. c. 106:

"A person cannot redeem an undivided share of land by paying his proportional share of the debt, and a part owner must redeem the whole (*Durley v. Davis*, 69 Ill. 133). A purchaser of a part of mortgaged land cannot redeem that part by paying his proportion of the debt (*Meacham v. Steele*, 93 Ill. 135). When the purchaser at a master's sale of an entire tract of land afterwards assigns an undivided interest in such purchase, there can be no legal redemption of such undivided interest by a judgment creditor."

Blackstone, in his original lectures (2d Ed., A. D. 1766), Book 2, page 191, Chapter 12, in speaking of tenants in common, said:

"This tenancy therefore happens where there is an unity of possession merely, but perhaps an entire disunion of interest, of title, and of time."

See, also, 1 Lewis's Blackstone *192, Book II, Chapter 12, Paragraph IV.

In passing, it may be said that some states, notably New York, have expressly abrogated the early chancery rule to which reference has been made herein. See 1 Gilbert's Civil Practice (N. Y.), Article 43, Section 737, which governs redemption by owners of undivided shares in real estate. See, also, 2 Wiltsie on Mortgage Foreclosure (4th Ed.) 1440, Section 1173.

It is therefore quite apparent that the legislature, in the enactment of Chapter 110, Section 1944, Code of 1851, was attempting simply to preserve the common-law or chancery rule. The section in question is declaratory of the right which had for many years been recognized in a court of equity. A study of this provision in connection with the other provisions of the same chapter makes it plain that a co-tenant, or his assignee, upon redemption is compelled to pay the full redemption price, with interest and costs, and then exercise his remedy by contribution from his co-tenants; and if the latter fail to make the contribution as decreed, the title to the property vests in the

redeeming co-tenant.

In *Spurgin v. Adamson*, 62 Iowa 661, l. c. 664, it is said:

"By its terms [Statute of Redemption] it does not limit the right of redemption before existing under the rules of equity. That right is, therefore, not taken away by it. It was not the purpose of the statute, in conferring this right of redemption to take away another and different right recognized by equity. The equity of redemption exists independent of statute, and will be enforced by the courts of chancery until it is taken away by express legislative enactment."

It may be observed that that section of the Code of 1851, or Section 11795, Code of 1924, does not provide what proportionate amount he shall pay to effect a partial redemption, and at no place in the redemption statute (Chapter 500, Code of 1924), is a mortgagee or purchaser at a foreclosure sale advised that a redemption may be made by a tenant in common at a sum less than the amount paid by the holder of a certificate of sale, with interest and costs. To sustain the contention of the appellant, this court would be compelled to read into Section 11795 the right of a co-tenant to pay a pro-rata or proportionate part of the sum paid by the certificate holder, and a pro-rata share of interest and costs. The legislative function is *jus dare* (to make or create), whereas the function of a court is *jus dicere* (to construe or interpret).

All of the provisions of Chapter 500 relate to the same subject-matter,—to wit, redemption from execution sale,—and these provisions must be construed together. In passing, it may be observed that Section 11795 does not purport to impose a disability on tenants in common, in forbidding in any manner a tenant in common from contracting away his rights. In the instant case, these tenants in common each contracted to become personally liable for the entire mortgage debt, and each pledged his property to the payment of the full debt. The interest of each tenant in common was, therefore, chargeable by contract with the whole debt, and not with a part of it. The assignee or quitclaimant, therefore, is so bound by the contract of indebtedness, as were the original mortgagors.

Our statute on redemption (Section 11784) provides that:

"The terms of redemption, when made by the title holder,

1254

shall be the payment into the clerk's office of the amount of the certificate, and all sums paid by the holder thereof in effecting redemptions * * * ''

It is a well recognized rule of law in this state that, when a parcel of land is sold *en masse*, it must be redeemed as a whole; but, under Section 11794, Code of 1924, it is provided that:

''When the property has been sold in parcels, any distinct portion may be redeemed by itself.''

The instant property was sold *en masse*, and under the redemption statute, as written and interpreted, it must be redeemed *en masse*. See *Knowles v. Rablin and Corwith*, 20 Iowa 101. The primary difficulty with the statute invoked by the plaintiff, Kupper, in the instant case is the failure of the statute to provide what proportionate amount a co-tenant shall pay, to effect a partial redemption. If the legislature intended to modify or change the rule governing the amount required to redeem by a co-tenant from the purchaser at execution sale, it would and should be so stated, in terms clear and unequivocal. This court has no right to interpolate or amend Section 11795.

Without further discussion of the facts or the law involved herein, we rule that the trial court correctly determined the question in issue, and therefore the decree entered is—*Affirmed*.

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.