TIPPING and others, Appellants, vs. ROBBINS, Respondent.

*March 30 — April 17, 1888.*

*(1) Appeal:* Remittitur: *New findings. (2, 3) Mines and mining: License by one tenant in common: Revocability.* ·

1. Where a judgment is reversed and the cause remanded, a new and additional finding of facts by the trial court, there being no further evidence given or trial had, is unauthorized.
2. A license to work a new and unopened mine, granted by one tenant in common, does not confer any right thus to mine without the concurrent license of the other tenants in common.
3. Sec. 1647, R. S., providing that no license to a miner shall be revocable after a valuable discovery or prospect has been struck, does not apply to a license granted by only one of several joint owners of the land.

APPEAL from the Circuit Court for *Green* County.

The cause was before this court on a former appeal, and is reported in 64 Wis. 546, where a sufficient statement of the facts will be found. This appeal is by the plaintiffs from the judgment entered in the court below after the filing of the *remittitur* from this court on the former appeal. The substance of that judgment is stated in the opinion.

For the appellants there was a brief by *Orton & Osborn,* and oral argument by *Mr. P. A. Orton.*

For the respondent there was a brief by *M. M. Cothren* and *P. B. & J. B. Simpson,* and oral argument by *Mr. Cothren.*

COLE, C. J.    When this cause was here on a former appeal (64 Wis. 546) it was decided that the defendant acquired no right to mine on the plaintiffs' land by virtue of the Tipping lease mentioned in the case; that whatever right he had acquired rested upon the parol authority or license given him by the plaintiff *Fox* as to his interest.    *Fox* was the owner, as tenant in common, of an undivided two-thirds of the tract in question.    The other undivided one-third belonged to the infant plaintiffs, *Irene* and *William Tipping,* subject to the dower of their mother, Mary.    As to this undivided one-third owned by the infants it was said there was no ·proof whatever that any license had been given which could affect their rights or bind them in any manner.    The effect of the statute (sec. 1647, R. S.) upon a license granted by one tenant in common was not much discussed in the case, but there is a distinct intimation in the opinion that the parol license granted by *Fox* as to his two thirds was of no practical value unless a further license was obtained which should bind the infants.    That question, however, was not definitely settled, but purposely left open for further consideration.    The cause was remanded for further proceedings.    On filing the *remittitur* from this court in the court below a motion was made by the plaintiffs for a judgment.    The circuit court, without any further testimony having been given or any new trial had, made another finding of facts, which in the main affirmed the finding on the first trial.    In the final judgment the court decided that the plaintiffs could not maintain this action against the defendant; dissolved the injunction which had been granted, and dismissed the action, saving to the infant plaintiffs and their mother their rights in the net proceeds

arising from the sale of the one-third part of the lead ore taken from their ground by the defendant, after deducting the reasonable value of the labor expended in raising such ore, not including the expense of the level run by the defendant to reach their premises. The court further decided and decreed that the defendant had the legal right to work the mine on the plaintiffs' ground, and to receive the avails of two thirds of the mineral raised therefrom, subject to the duty of paying the one-eighth to the owner of the ground as rent from the time of the discovery of the range of mineral.

The learned counsel for the plaintiffs criticises the practice adopted by the circuit court in making a new and additional finding of facts. As there was no further evidence given or trial had, the necessity for such a finding is not obvious. As counsel suggests, it was perhaps harmless to reaffirm the former finding, but certainly there was no ground for incorporating in the new finding additional facts, and such practice we deem unauthorized.

The important question arising on this appeal is the one left undecided on the former appeal, which is, What effect must be given to a parol license granted by one tenant in common to a miner to open and work a new and unopened mine upon land which he owns in common with other tenants who refuse, or for any reason fail, to grant any such license? In other words, does the license of a co-tenant confer any right thus to mine without the concurrent license of the other co-tenants interested in the ground? The right of the defendant in this case is rested entirely upon the statute, which enacts in substance that no license or lease, verbal or written, made to a miner shall be revocable by the maker thereof after a valuable discovery or prospect has been struck, and the discovery of a crevice or range containing ores or minerals shall entitle the discoverer to the ores or minerals pertaining thereto, subject to the

rent due his landlord, before as well as after the minerals are separated from the freehold. Sec. 1647, R. S. It seems to us that the statute implies and means that the license thus protected is granted by the owners of the land, who own it and have the right to subject the property to the use of mining. It was not intended to apply to a case where only one of several joint owners of the land had granted the license, and it would be unreasonable to give the statute any such construction. Counsel agree in the proposition that the right of a tenant in common extends to the whole and every part of the estate; that he has the right to the common possession and enjoyment thereof. The right to work the mine is in its nature entire and indivisible and cannot well be enjoyed without exclusive possession. It would certainly be impossible to sever and remove the interest of one tenant in common in the ores and leave the interest of the other tenant undisturbed. Nor could one tenant work the same crevice with the licensee unless they did it jointly, though they might by arrangement work distinct parts of the crevice, and divide the minerals removed on some equitable basis. But it is entirely settled as a principle of law that the conveyance of any separate estate by a tenant in common by metes and bounds is void as against his co-tenant. Authorities need not be cited to so elementary a proposition. The license granted by *Fox* to mine upon the common estate cannot bind the infant plaintiffs, and the statute does not aid or increase the efficacy of such license. The learned counsel for the defendant says the statute is based on the idea of giving to the discoverer of a mineral range the right to work it and have the benefit of his discovery. So undoubtedly it is where the miner goes to work under a license granted by the owners of the property and makes a valuable discovery. It is not in the power of the landlord to deprive him of the benefit of that discovery while he pays

his rent and incurs no forfeiture by mining usages. But, as we have said, the statute assumes and implies that the license is granted by the owners of the ground, not by one of several co-tenants, each one of whom has the same right to the possession and enjoyment of the common property as his co-tenants.

It follows from these views that the license of *Fox* confers no right to work the mine without the concurrent license of the infant plaintiffs, lawfully obtained. We cannot doubt but this is the proper and only admissible construction of the statute. The counsel for the defendant suggests that it may be greatly for the interests of the infants to have this mine worked and the mineral removed; that instead of destroying the value of their property, the infants would be benefited by it. This view of the matter may be correct, but still their guardian, on their behalf, asks that the defendant be restrained from unlawfully mining upon the ground in which they are interested. It seems to us they are entitled to that relief under the circumstances. If this shall render the license which the defendant obtained from *Fox* of no value to him, the result is unavoidable. He should have seen to it that he had a valid license from all the owners of the land before he commenced to work upon it. For it is only such a license that comes within the purview and protection of the statute. *Fox* has united in this action, and has asked relief which the evidence shows he is not entitled to; but this does not prevent the court from granting the infant plaintiffs protection of their rights and such relief as may be consistent with equity and good conscience. An injunction seems to be the only adequate remedy to restrain the wrongful acts of the defendant and prevent him from digging and carrying away the mineral from the ground. It is evident that repeated actions of trespass for damages would be a very inadequate remedy.

We have not deemed it necessary to consider the question

whether it would be waste for one tenant in common to open and work a new mine on the common estate without the permission or assent of his co-tenant. The counsel for the plaintiffs insists that a co-tenant has not that right at common law, and he has referred to many authorities which sustain his position. One of his authorities states the law upon the subject in the following language: "Coparceners, joint tenants, and tenants in common, are also liable to each other for waste; and actions of account are maintainable for the receipt of more than the proper share of profits. All such owners may also be restrained by injunction from the wilful destruction of the common property. But they may all concur as among themselves in an act of waste. This concurrence must include all. In one case five of the owners had authorized the construction of a railroad on the land held in common, against the wishes of the remaining owner, who proceeded to remove the rails, and the court of chancery refused to restrain him." Bainb. Mines (4th ed.), 23. There are many authorities which state the law substantially the same way, some of which are cited in briefs of counsel, but we need not dwell upon them. The right of the defendant to mine is not rested upon any relation existing between tenants in common and the right which a lease or license given by one confers at common law, but it is based upon the provisions of the statute alone. It was insisted that under the statute the license of *Fox* gave the defendant the right to mine upon and remove the mineral which he had discovered, as against the infant plaintiffs, because the statute secured to him that right. But this we deem an erroneous view, which we cannot sanction. *Fox* conferred no right capable of a successful assertion against the other co-tenants.

In respect to the mineral which has been dug and removed by the defendant from the plaintiffs' premises, the rights of *Fox* have been already determined. He must take

his rent in two thirds of such mineral. As to the infant plaintiffs, they are entitled to one third of such mineral, less one third of the expense of digging it out and removing it from the mine. It is but equitable to charge them with their share of the expense, but they should not be charged with any expense of running the level to their ground. We see no reason for charging them with the costs of the litigation. They had to come into court to vindicate their rights in the property against the unlawful acts of the defendant. We have already said they were entitled to a perpetual injunction restraining the defendant from further working the mine or from removing mineral from their premises. There must be an account taken of the quantity and value of mineral taken from the plaintiffs' land and sold, and also of any unsold which may now be in the level and which came from their land, upon the basis stated in this opinion.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter a decree in conformity with this opinion.