HARRIET BEEDLE, Appellee, v. WILLIAM COWLEY et al., Appellants.

Tax Title: STATUTE OF LIMITATIONS: HOMESTEAD RIGHTS. Where a tax sale purchaser of lands occupied as a homestead, after acquiring a tax deed thereto, leased the land to the former owner, but did no other act towards taking possession until after five years from the date when he became entitled to a tax deed, and it appeared that the wife did not join with her husband in said lease, and did not know of its execution, and that subsequently the husband made a conveyance of the land to the wife, held, that all rights under the tax deed were extinguished.

*Appeal from Monroe District Court.*—Hon. E. L. BURTON, Judge.

TUESDAY, MAY 24, 1892.

THIS is a controversy involving the title and ownership of forty acres of land in Monroe county. The action is in equity, and it was referred to a referee to try and determine. The referee awarded the land to the plaintiff. The report of the referee was approved by the court, and the defendants appeal.—*Affirmed.*

*R. W. Boyd,* for appellants.

*Henry L. Dashiell,* for appellee.

ROTHROCK, J.—It appears from the evidence that W. V. Beedle, the husband of the plaintiff, was the owner of about three hundred acres of land. Prior to the year 1882 he became largely indebted to Richard Butcher, and the indebtedness was reduced to judgment. An execution was issued, and all of said land was sold on said execution, except forty acres, which was duly set off to the said Beedle as a homestead. This is the land in controversy in this suit. It was not subject to the judgment lien, because it had been the homestead of the plaintiff and her husband for many years. There was a brick dwelling-house upon the land, which the plaintiff and her husband continued to occupy as their home until his death, in the year 1889, and the plaintiff claims that she retained possession of the homstead until the commencement of this suit. The defendants are the representatives of Richard Butcher, now deceased, and they claim title to the land under certain tax deeds which were obtained by said Butcher in his lifetime. These deeds are founded upon two sales by the treasurer of Monroe county. One of said sales was had in October, 1877, at which the undi-

vided one-fifth of the land was sold, and the remaining four-fifths was sold in October, 1878. The said Butcher had the right to a tax deed as to one sale, in October, 1880, and to the other in October, 1881. The fact is that he did not take his deeds until September, 1882.

It is not disputed that William V. Beedle was the holder of the patent title at the time of the tax sales, and that the plaintiff was his wife, and that they continued in possession of the land in controversy until his death, in the year 1889; and that on the first day of December, 1887, the said W. V. Beedle conveyed the said homestead to the plaintiff. It will be observed from the foregoing statement of facts that, if the plaintiff was in the actual adverse possession of the land at the expiration of five years from the time Butcher had a right to tax deeds, his right to the land is barred, and he is not entitled to any relief whatever by reason of his tax-sale purchases. *LaRue v. King*, 74 Iowa, 288, and cases there cited.

It is claimed in behalf of the appellants that from and after April 1, 1885, W. V. Beedle and his wife, the plaintiff, were not in possession of the land as a homestead, but that they were in possession as tenants of Butcher; and the evidence shows that W. V. Beedle did enter into a contract with Butcher, by which he leased the land as tenant, and, so far as his right to assert possession of the same as a homestead was involved, he released the homestead right. But this did not determine the right of the plaintiff. He could not, by any act of his, by way of lease or otherwise, without the consent of his wife, prejudice her right to claim a homestead. She did not join in any instrument leasing the land, and we are satisfied, from the evidence, that she did not know that her husband entered into contracts leasing the land from Butcher. She is a woman far advanced in years; and the evidence shows that she at all times supposed she was

holding the land under her homestead right, and she maintained her right and asserted it after the death of her husband; and the fact that she took a conveyance of the land from her husband in 1887 is inconsistent with the claim that she surrendered any right of homestead. That she had the right to make the claim cannot be questioned. Under section 1990 of the Code, the homestead cannot be conveyed or incumbered, unless the husband and wife, if the owner is married, concur in and sign the same joint instrument; and the husband cannot remove the wife from the possession of the homestead against her consent (Code, section 2215; *Bank v. Kennedy*, 58 Iowa, 456); and as sustaining the right of the wife to assert her homestead claim, independent of the acts of the husband, see *Stinson v. Richardson*, 44 Iowa, 375; *Lunt v. Neeley*, 67 Iowa, 97; *Belden v. Younger*, 76 Iowa, 568. It must be conceded that, as the plaintiff was in possession of her homestead by an independent right, and not subject to the control of her husband, her legal right could not be taken from her by any act of her husband in leasing the land of Butcher; and, as she was in legal possession when the five years' limitation expired, all rights under the tax deeds were extinguished.

This disposition of the case renders it unnecessary to discuss and determine other questions presented in the arguments of counsel, and the decree of the district court is AFFIRMED.