HIMES v. SCHMEHL.

(Circuit Court of Appeals, Third Circuit. March 28, 1919.)

No. 2427.

1. PARTIES ⟨Key⟩19—JOINT CONTRACT—JOINDER OF OBLIGEES.
  Where a contract is joint, and not several, all the joint obligees or covenantees who are alive must be joined as plaintiffs.

2. TENANCY IN COMMON ⟨Key⟩55(3)—ACTIONS EX DELICTO—JOINDER.
  Tenants in common must join in actions ex delicto for an injury to their common property, though it be real estate, because the damages belong to them jointly.

3. EQUITY ⟨Key⟩105—PARTIES—CONTRACT—JOINT REMEDY.
  The rule that, where the contract is joint, so also is the remedy, likewise prevails in equity.

4. EQUITY ⟨Key⟩103—DECREE IN ABSENCE OF NECESSARY PARTY.
  A decree in equity may not be made, in the absence of a party whose rights must necessarily be affected.

5. COURTS ⟨Key⟩310—JURISDICTION—NONJOINDER OF NECESSARY PARTY.
  Bill by one of two co-owners and lessors of a graphite mine for nonpayment of rent, breach of covenant for good mining, and removal of the property of the lessors, was properly dismissed, where brought by one lessor only, though the joinder of the other would oust the jurisdiction of the court as to the parties before it, despite equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix).

6. PARTIES ⟨Key⟩15—JOINT CAUSE OF ACTION—JOINDER OF SEPARATE LEGAL ACTIONS.
  Where one of two joint lessors sues alone improperly in equity without joining his colessor, joinder in his bill of his independent legal cause of

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action for an indebtedness from defendant lessee to him alone, even if proper, cannot convert the inseparable rights of himself and his colessor into separate rights, justifying his suit without joining his colessor.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by Hiram C. Himes against Harry A. Schmehl. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Edmund B. Seymour, Jr., of Philadelphia, Pa., for appellant.
Thomas L. Hoskins, of West Chester, Pa., for appellee.

Before WOOLLEY, Circuit Judge, and HAIGHT and MORRIS, District Judges.

MORRIS, District Judge. The appellant, Hiram C. Himes, of New Jersey, plaintiff below, and his co-owner Edmund B. Seymour, Jr., of Pennsylvania by joint contract of lease demised a graphite mine and its equipment to the defendant, Harry A. Schmehl, of Pennsylvania. This suit arises out of that contract and is brought by Himes alone. The contract, made a part of the bill, does not disclose the respective interests of the lessors in the demised property. The rent is made payable to the lessors jointly; not severally as their interests may appear. The remaining covenants likewise run to the lessors jointly. The bill of complaint alleges the ownership in fee by Himes of thirty-one fiftieths interest in the mine, the failure of defendant to account as required by the lease for one-half of the product of the mine reserved as rent, breach of the covenant for good mining, the removal of certain fixtures and other property of lessors from the demised premises, and that the extent of the removals is unknown to the plaintiff. The bill also alleges an indebtedness of the defendant in the sum of $400 for money loaned to him by Himes and Seymour, and a further indebtedness of the defendant in the sum of $75 for money loaned to him by Himes. The bill prays discovery and an accounting for thirty-one fiftieths of the value of the property removed, and for a like share of the rent reserved.

The bill was dismissed under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) for nonjoinder of Seymour as party plaintiff, and for want of jurisdiction. From this decree, plaintiff appeals.

[1-4] It is an elementary rule of the common law that, where a contract is joint and not several, all the joint obligees or covenantees who are alive must be joined as plaintiffs. Farni v. Tesson, 1 Black, 309, 17 L. Ed. 67. A joint contract with several cannot be enforced by one of them alone. Cannon v. Maull, 4 Har. (Del.) 223. In Marys v. Anderson, 24 Pa. 272, the court applied the rule that, where the contract is joint, so also is the remedy, and held that one tenant in common may not maintain an action to recover his share of the rent from the lessee, where the lessee's contract is to pay the rent as a whole to all the lessors. Mr. Justice Daniel, in Calvert et al. v. Bradley et al., 16 How. 580, 597 (14 L. Ed. 1066), said:

"But in this same lease there is a covenant between the proprietors and the lessee that the latter shall keep the premises in good and tenantable repair, and shall return the same to those proprietors in the like condition, and

it is upon this covenant or for the breach thereof that the action of the plaintiffs has been brought. Is this a joint or several covenant? It has been contended that it is not joint, because its stipulations are with the several covenantees jointly and severally. But the answer to this position is this: Are not all the covenantees interested in the preservation of the property demised, and is any one or a greater portion of them exclusively and separately interested in its preservation? And would not the dilapidation or destruction of that property inevitably affect and impair the interests of all, however it might and necessarily would so affect them in unequal amounts?

"It would seem difficult to imagine a condition of parties from which an instance of joint interests could stand out in more prominent relief. This conclusion, so obvious upon the authority of reason, is sustained by express adjudications upon covenants essentially the same with that on which the plaintiffs in this case have sued."

Tenants in common must also join in actions ex delicto for an injury to their common property, even though it be real estate, because the damages belong to them jointly. Bullock v. Hayward, 10 Allen (Mass.) 460. The rule that, where the contract is joint, so also is the remedy, likewise prevails in equity. Railroad Co. v. Orr, 18 Wall. 471, 21 L. Ed. 810. Again, a decree in equity may not be made in the absence of a party whose rights must necessarily be effected by such decree. Shields v. Barrow, 17 How. 130, 15 L. Ed. 158.

[5] The cause of action for nonpayment of rent, breach of covenant for good mining, and removal of property of lessors is therefore in Himes and Seymour jointly. Their remedy is joint. Their interests are inseparable. Any sum awarded by the decree would belong to them jointly. Himes alone has no cause of action therefor.

The bill does not allege any reason for the nonjoinder of Seymour, but plaintiff seeks to excuse his nonjoinder, in that his joinder would oust the jurisdiction of the court as to the parties before the court. That consequence cannot make it regular to proceed without him. It only proves that the court below was not the proper tribunal to settle the controversy. If it be once settled that the suit may not be maintained, save by the joinder of Seymour as a party, Himes cannot set up the limited jurisdiction of the court for not so joining him. Parsons et al. v. Howard, Fed. Cas. No. 10,777. Nor can this result be affected by equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix). California v. Southern Pacific Co., 157 U. S. 229, 15 Sup. Ct. 591, 39 L. Ed. 683.

[6] The plaintiff further contends that Seymour cannot be made a party plaintiff, as he had no interest in the alleged indebtedness of $75 from the defendant to the plaintiff. This cause of action is independent of the one heretofore considered and is cognizable at law. Its mere joinder in the bill, even if it be properly joined, cannot convert the inseparable rights of Himes and Seymour in the former cause of action into separate rights, or otherwise improve Himes' position with respect thereto.

As the bill of complaint shows that the plaintiff has not a separable cause of action touching the demised property, as the joinder of Seymour as a party would oust the jurisdiction of the court, and as the remaining alleged causes of action are below the jurisdictional amount, the District Court properly dismissed the bill. Its decree is affirmed.