**FEDERAL LAND BANK OF ST. PAUL v. RUTTEN (two cases).**

Nos. 11276, 11298.

Circuit Court of Appeals, Eighth Circuit.

March 14, 1939.

A. L. Quilling, of St. Paul, Minn. (John Thorpe, Michael A. Schmitt, and Edward R. Baird, all of St. Paul, Minn., on the brief), for appellant.

No brief was filed for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a proceeding in bankruptcy under section 75 of the bankruptcy act known as the Frazier-Lemke Act. Act of August 28, 1935, c. 792, 49 Stat. 942, Title 11 U.S. C.A. § 203. The appeal is from an order of the court denying the petition of appellant for an order to strike from the bankrupt's schedule and to abandon from further proceedings all of the real estate covered by a mortgage held by appellant.

On January 7, 1934, Joseph N. Rutten filed his petition under section 75 of the Bankruptcy Act with the Conciliation Commissioner of Ramsey County, North Dakota, alleging that he is a bona fide farmer operating 320 acres of land near Crary, North Dakota; that he is head of a family and has six dependents; that he is insolvent; and that he desires a composition or extension of time to pay his debts. He appended to his petition the required schedules of his assets and liabilities. He listed the appellant as a secured creditor with a mortgage covering his entire 320 acre farm described as the S. W. ¼ of Section 21 and the N. E. ¼ of Section 28, Township 154, Range 62. On schedule B-5 he claimed as exempt from the operation of the acts of Congress relating to bankruptcy his homestead described as the S. W. ¼ of said Section 21 consisting of 160 acres as provided by the laws of North Dakota (Comp.Laws 1913, Ch. 51, Sec. 5605 et seq). The appellant's mortgage for $3,600 principal is in default, and a claim based thereon has been allowed for $4,195.-45.

On March 25, 1938, the debtor filed an amendment to his petition alleging that he had been unable to obtain an acceptance by a majority in number of his creditors to a composition and extension proposal which he had submitted, and praying that he be adjudged a bankrupt; that proceedings be had in regard to his debts and property under section 75(s) of the act, 11 U. S.C.A. § 203(s); that his property be appraised; that his unencumbered exemptions be set off to him; and that he be allowed to remain in possession of his property and pay for the same at the end of three years. He was adjudicated a bankrupt on the day the amendment to the petition was filed.

The testimony of the debtor taken at a meeting of his creditors is to the effect that he is the head of a family; that he lives with his wife and five children on the said S. W. ¼ of Section 21, which he claims as a homestead under the laws of North Dakota; and that he intends to keep on with these proceedings and obtain a three-year stay order, if possible.

On June 8, 1938, the appellant filed a petition in the proceedings reciting the facts

set out above in respect to its mortgage, the description of the land, the residence of the debtor and his family, and the homestead. It was then alleged "That the proceedings herein have been commenced and maintained by Joseph N. Rutten only; that in view of the fact that part of the real estate involved herein and mortgaged to The Federal Land Bank of Saint Paul is the family homestead of the bankrupt, the bankrupt's wife is an indispensable party to these proceedings and the Court has no jurisdiction to proceed with the administration of such mortgaged real estate within the meaning and intent of Section 75 of the Bankruptcy Act as amended in view of her failure to join in these proceedings, and because of this court's lack of control of said wife's homestead interest in and to said mortgaged real estate and lack of power to sell or convey the full title to all of said land, mortgaged as aforesaid, it is unable to give this petitioning creditor the protection contemplated under subsection (s) of said Section 75 as construed by the Supreme Court of the United States."

The prayer of the petition is that "the Court issue its Order to Show Cause directed to said bankrupt, requiring him to show cause why the real estate covered by the mortgage held by this petitioning creditor, which real estate is described as the Southwest quarter of Section 21 and the Northeast quarter of Section 28, all in Township 154 North, Range 62 West, should not be stricken from the schedules herein and abandoned from further proceedings herein."

On July 13, 1938, the court entered an order dismissing appellant's petition. The case comes here on appeal from this order.

The contentions of appellant are quite clearly indicated by the allegations of its petition to strike the description of the mortgaged real estate from the debtor's schedules. They may be summarized briefly as follows: (1) In order to subject mortgaged real estate, which includes a homestead, in North Dakota to proceedings under subsection (s) of section 75 of the bankruptcy act, 11 U.S.C.A. § 203(s), the wife of the debtor-farmer is an indispensable party; (2) that in her absence the court is without jurisdiction to proceed; and that (3) upon failure of the wife to join in the petition it is the duty of the court to dismiss the proceedings in so far as it affects the mortgaged premises.

The argument of counsel develops these propositions in much detail. It will not be necessary to discuss all the points relied upon. It is pointed out that under the law of North Dakota the homestead of a married man can not be aliened except by the joint action of the owner and his wife; and that in the event in the present case it becomes necessary to sell the mortgaged homestead under the provisions of section 75(s) (3) of the act the rights of the mortgagee can not be protected by the court in the absence of the debtor's wife.

■■ In ruling upon appellant's petition the lower court did not state the grounds upon which he based his decision; and the debtor has not filed a brief in this court. An examination of the record, however, is convincing that the order appealed from must be affirmed. While we do not think the court of bankruptcy will be powerless in case of a sale of the land to protect the rights of appellant, the court did not err in dismissing its petition even if appellant's fears are based on valid grounds. The petition to dismiss was filed prematurely in any event. It was filed at the beginning of the proceedings. The three-year moratorium order provided for in subsection (s) (2) had not been entered. Assuming that such order has been or will be entered, subsection (s) (3) provides that at the end of the three years the debtor may pay into court the amount of the appraisal for distribution to the creditors as their interest may appear: "Provided, That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction." It is apparent that a sale may never be necessary in this case. The appraisal when made may be entirely satisfactory to appellant and the payment may be made by the bankrupt and accepted by the mortgagee. The court did not for this reason alone abuse its discretion in denying the prayer of the petition.

■■ Further, the statute provides [subsection (p)] that "all of the debtor's property, wherever located * * * shall be under the sole jurisdiction and control of the court in bankruptcy." The court is powerless to surrender its jurisdiction over the encumbered exemptions of the debtor

except in the way provided in the statute. These provisions of the statute have already been held constitutional by the Supreme Court in Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

Counsel have discussed at length the nature and extent of a wife's homestead rights in her husband's property under the laws of North Dakota. This question will become important only in the event a sale is ordered. In that event the question may arise in one of two ways. The wife of the bankrupt may intervene and ask the court to determine the homestead right as between herself and the appellant holder of a mortgage signed by both husband and wife. If she fails to intervene the court upon proper application may bring her in for the purpose of considering her rights, Act of July 1, 1898, c. 541, § 2(6), 30 Stat. 545, Title 11 U.S.C.A. § 11(6); In re Marschall, D.C.Fla., 287 F. 187, affirmed 5 Cir., 296 F. 685; In re Ferrell, D.C.Fla., 2 F. Supp. 348. The only serious question which can arise at that time is whether the right is one which the bankruptcy court can determine in a summary action or whether it must be settled in a plenary suit. The court should not decide that question until it is presented in some proper way. The court having jurisdiction and the property being in its custody a petition to dismiss in limine should not be sustained.

Affirmed.