**BUSS et al. v. PRUDENTIAL INS. CO. OF AMERICA.**

**No. 12109.**

Circuit Court of Appeals, Eighth Circuit.

April 7, 1942.

---

[34] 3 Couch on Insurance, § 1557.

Howard L. Bump, of Des Moines, Iowa (LeRoy H. Johnson, of Red Oak, Iowa, on the brief), for appellants.

Quintard Joyner, of Omaha, Neb. (Harold Peyton, of Omaha, Neb., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and REEVES, District Judge.

THOMAS, Circuit Judge.

This is an appeal by farmer-debtors from certain orders of the bankruptcy court resulting in the dismissal of a proceeding instituted by them for a composition or extension of their indebtedness under the Bankruptcy Act, § 75, subs. a–r, wherein the debtors filed an amendment asking to be adjudged bankrupt under §

75, sub. s, 11 U.S.C.A. § 203, subs. a–r and s. The debtors, husband and wife, are tenants in common, each owning an undivided one-half interest in a 100 acre farm situated in Montgomery County, Iowa, subject to a mortgage owned by the appellee, the Prudential Insurance Company of America.

The ultimate question presented for decision is whether the parties are estopped by an adjudication of dismissal as to the security based upon a stipulation and not appealed from in a former proceeding brought under the same statute by the husband alone and to which his cotenant was not a party.

The debtors filed their petition December 12, 1940. It was approved as properly filed and referred to the Conciliation Commissioner on the same day. On December 31, 1940, the debtors filed an offer of composition and an applicaiton for an order to stay the proceedings in foreclosure brought by appellee in the state court against the 100 acres of land owned by the debtors. A temporary stay order was entered on January 2, 1941. On January 15, 1941, the appellee insurance company filed a motion to dismiss the proceedings as to it and as to the land on the ground that the claims of the debtors and the relief sought by them had been adjudicated in a proceeding instituted by the debtor Walter Clifford Buss in the same court and under the same statute in 1939, and that no appeal had been taken therefrom. The debtors resisted the motion on the grounds that Vada Darlene Buss is the owner of an undivided one-half interest in the land and that she was not a party to the former proceeding. The insurance company amended its motion alleging that the debtors were not proceeding in good faith. In reply to the resistance to the motion the insurance company alleged that in the former proceeding Walter Clifford Buss, the husband, was, with the authority of his wife, acting for her, and that she was bound by the order entered therein; that she had actual notice and knowledge of the proceedings and acquiesced therein and ratified them; and that she was thereby barred and estopped from claiming that the former proceedings did not adjudicate her rights to the 100 acres of land under § 75 of the Bankruptcy Act.

After a hearing on February 15, 1941, the Commissioner found (1) that Walter Clifford Buss has had his day in court and that the matters presented had all been decided and are now res judicata as to him, and (2) that while Vada Darlene Buss had not been a party to the former proceedings she was the wife of her codebtor; that she was the owner of an undivided one-half interest in the land involved and that her husband was the owner of the other half; that she had full knowledge or was put on sufficient notice of the former proceeding to have caused her to act on her own behalf if she desired to assert her rights, "otherwise she must be held to have acquiesced in the proceedings"; and that she is not entitled to the relief sought. The Commissioner expressed the opinion that since the husband was barred by the former proceedings, it would serve no good purpose to permit his wife to pursue the matter further on her own behalf even though it might be found that she was entitled to do so. Based upon these findings an order was entered sustaining the motion, dissolving the stay order, and recommending to the judge that the proceedings be dismissed and the files closed.

Upon review the court approved and confirmed the order of the Commissioner and ordered further that the petition of the debtors be dismissed unless within ten days the bankrupts show cause "that there is property other than that administered in the other proceedings or other reason why the estates or either of them should be kept open." A further order was entered on June 6, 1941, dismissing and closing the proceedings. The appeal is from the order of the Commissioner thus approved, confirmed and carried out by the court.

In reviewing the order of the Commissioner the court found (1) that by an agreement made in a former proceeding Walter Clifford Buss, for a consideration which he and his wife have received, gave his permission to the appellee to proceed with the foreclosure of its mortgage in the state court; (2) that in so doing he was acting as the agent for and with the knowledge, acquiescence and consent of his wife; and (3) that to permit administration of the farm in bankruptcy would be a violation of that agreement.

Upon the basis of these findings of fact the court held (1) that both parties are now estopped and without right or authority to prosecute this proceeding, and

(2) that the orders entered in the former proceeding are res judicata of the rights invoked in this proceeding by all the parties.

The contentions of the parties present for determination these problems: 1. Does the evidence support the findings of fact? 2. Is Walter Clifford Buss estopped by his conduct in the former proceeding to join with his wife, his cotenant, in invoking the benefits of § 75 of the Bankruptcy Act? 3. Is Vada Darlene Buss estopped by her conduct from invoking the benefits of the Act? 4. Are the orders entered in the former proceeding res judicata?

It will contribute to brevity to summarize the evidence taken before the Commissioner at the hearing February 15, 1941, on the appellee's motion to dismiss. The evidence consisted of the oral testimony of the appellants and the record of a proceeding commenced by Walter Clifford Buss alone in the district court, southern district of Iowa, on March 1, 1939, by the filing of a petition for relief under § 75, subs. a-r, of the Bankruptcy Act. The record of the former proceeding shows that in his schedules Buss described the same 100 acre farm involved in this proceeding. In the former proceeding his wife was not mentioned as co-owner. The farm was subject at that time to the same mortgage still held by the insurance company. The mortgage was then in foreclosure in the state court. Failing to secure a composition with his creditors, the debtor amended his petition and asked to be adjudicated a bankrupt under § 75, sub. s, and the case was referred to a Conciliation Commissioner. The insurance company filed an application for leave to enforce its mortgage in the state court. Upon the day fixed for hearing on the application counsel for the parties filed a written agreement signed by counsel providing (1) that an order be signed forthwith granting the application for leave to enforce the mortgage; (2) that Buss agree that a judgment in rem and decree in foreclosure be rendered in the foreclosure proceeding; (3) that a receiver be appointed in the state court to take possession of the farm during the period of redemption; (4) that the claim should be computed at 5½ per cent interest; (5) that the receiver lease the farm to Buss for the year March 1, 1939, to February 28, 1940, and from March 1, 1940, to February 28, 1941, for one-half the corn, two-fifths of the oats, and $2.50 an acre for the hay and pasture land; and (6) that in case of redemption the rents be assigned to the redemptioner; and if not redeemed, to the insurance company. Thereupon an order was entered on September 6, 1939, granting leave to the insurance company to enforce its mortgage in the state court. At that time the decision of the Supreme Court in the case of John Hancock Mutual Life Insurance Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, decided December 4, 1939, had not been rendered. After the decision in that case Buss moved that the court reassume jurisdiction over the farm and stay the foreclosure proceeding. On February 10, 1940, the insurance company filed a resistance to the motion. The Commissioner denied the motion and upon review the court affirmed the order. No appeal was taken.

At the hearing on February 15, 1941, Mrs. Buss testified that in January, 1939, she knew that her husband filed a proceeding in bankruptcy; that it was not discussed with her; that she did not know what was involved in it; that she signed no papers; was never at the attorney's office; and was not at the hearings. When asked if she ever authorized her husband to involve property owned by her in the proceedings, she answered that nothing was said about it. She testified that she did not know at that time what the proceeding was all about; that she knew nothing about the settlement that was made. She did not remember telling her husband that she disapproved of the action he was taking and that he had no right to do it. Mrs. Buss testified also that during their married life she looked after the household affairs and left the business affairs connected with the running of the farm to her husband.

At the same hearing Buss testified that he knew nothing about the law at the time he filed the first petition; that in filing his schedules he did not intend to deceive the court as to the ownership of the land; that the mistake in the schedules as to the ownership of the farm was the fault of his attorney at that time, and not of his present attorney; that his wife knew he was filing a petition and did not remonstrate with him; and that he afterwards told his wife about the agreement and that she objected to it, did not think it was right. He testified that his wife owned a

one-half interest in the farm and that he acquired a one-half interest between 1929 and 1932; that he was not acting for his wife when he filed his petition in 1939 and that she did not authorize him to act for her; that he and his wife moved on to the farm in 1918 and have lived there ever since; that he did not inform his wife in detail about the proceedings in 1939; that he remembered that an agreement was made but he never saw a copy of it; that he signed leases for the farm; that both he and his wife signed the mortgage given to the appellee.

In considering the sufficiency of the evidence to support the findings of the Commissioner and of the court, it should be observed that the burden of proof rested upon the appellee to establish the averments of its motion to dismiss. We think that in large measure it has failed to sustain the burden cast upon it. The first finding of fact is supported in part only by the evidence. The record of the former proceeding under the statute by Walter Clifford Buss is set out in full, and is admitted. Buss admits that an agreement was made in that proceeding but says that he never saw it. The agreement in the record appears to have been signed by counsel. There is no evidence to the effect that either appellant ever received any consideration for the agreement. There is no showing that the agreement was ever performed by either party to it. It does not appear that a receiver was appointed in the foreclosure proceedings in the state court nor that the leases provided for in the agreement were executed or made effective.

The evidence falls far short, also, of supporting the finding that Walter Clifford Buss acted as the agent of his wife in the former proceeding and in making the agreement consenting to the foreclosure of appellee's mortgage in the state court. See McLaren v. Hall, 26 Iowa 297, 305. Both Buss and his wife testified that she did not authorize him to act for her. There is no testimony to the effect that he ever represented himself to be her agent or that he was acting for her. Her name does not occur anywhere in the record of the proceedings. There is no testimony that she knew the nature of the proceedings or the contents of the agreement. Reliance of appellee must be based upon ratification by acquiescence and rest upon the fact that she knew that her husband was carrying on some kind of a proceeding in the bankruptcy court and that some sort of a stipulation or agreement had been made in that proceeding. No other facts are in evidence tending to prove agency; and these facts are not sufficient under the applicable law to support a finding of agency.

The farm involved in this proceeding is situated in Iowa, and the owners reside there. Their rights, title and interest in the real property are governed by Iowa law. In Chamberlain v. Brown, 141 Iowa 540, 120 N.W. 334, 339, the Supreme Court of Iowa said: "The mere fact that D. S. Chamberlain was the husband of the appellant and tenant in common with her in the title gave him no authority to sell or lease her property, or to bind her in any manner as to her separate interest in their joint property." This was said in a case in which the husband executed a lease for a hotel owned by himself and his wife. Several years after the lease was executed and in effect, in an action to enforce the contract in part, his wife sought to repudiate another part thereof on the ground that the lease was made without her authority. The court held that she was estopped by her conduct and by her inconsistent position in the case.

In Mathias v. Mathias, 167 Iowa 81, 149 N.W. 87, 89, 90, it was held that a contract for a sale of land executed by only one of the owners and relied upon by a third party as preventing a recovery by such owners for trespass thereafter committed was not ratified by the other owners by accepting the purchase price or by executing a deed to the land. The court said:

"The burden * * * was upon the defendant to show ratification of the original contract.

"In order to constitute a ratification of an unauthorized contract, it must be shown that the party in whose name it was made had full knowledge thereof, and of the facts and circumstances connected with the execution thereof. [Citations].

"The mere acceptance of the purchase price of land will not, in the absence of a showing of knowledge of the circumstances connected with the sale, amount to a ratification of an unauthorized executory contract for the sale thereof. [Citations.]"

In the present case there is wanting any showing of knowledge on the part of Buss' wife of the terms of the agreement made by counsel in the first proceeding or of the nature or contents of the petition filed by Buss. The fact that Buss managed the farm with the consent of his wife is not proof of agency authorizing him to involve her property in bankruptcy. See Shields v. Coyne, 148 Iowa 313, 127 N.W. 63, 29 L.R.A.,N.S., 472, Ann.Cas.1912C, 905; Blackledge & Blackledge v. Davis, 129 Iowa 591, 105 N. W. 1000; Young v. Inman & Nelson, 146 Iowa 292, 125 N.W. 177, 179; Tice v. Derby, 59 Iowa 312, 13 N.W. 301.

The third finding of fact that to permit administration of the farm in bankruptcy would be a violation of the agreement filed in the former proceeding is an inference from the first and second findings. Such an inference may be warranted as to Walter Clifford Buss, who was a party to the agreement, but it is without foundation as to Vada Darlene Buss.

We turn to a consideration of the holdings of the court, the first of which is that both appellants are estopped and without right or authority to prosecute this proceeding. It is necessary at this point to consider the situation of the appellants with reference to the doctrine of estoppel separately. Without considering at this time the effect of the relation of the appellants as tenants in common, we think that the conduct of Walter Clifford Buss would ordinarily operate as an estoppel against him. Had he been the sole owner of the farm the agreement made for him by his then attorney and sanctioned by him would have had such an effect. Stensrud v. Federal Land Bank of St. Paul, 8 Cir., 114 F.2d 1002; and compare Bernards v. Johnson, 314 U.S. 19, 62 S.Ct. 30, 86 L.Ed. ——. The circumstances, such as his ignorance of his rights and the correlative negligence of the appellee, would not justify the court in sustaining the estoppel as a bar if to do so will prejudice the rights of his cotenant.

There is no ground, however, for holding that Vada Darlene Buss is estopped by any act of hers, directly or indirectly through her husband as her agent. In the case of Lewin v. Telluride Iron Works Co., 8 Cir., 272 F. 590, 598, Judge Walter H. Sanborn, speaking for the court, said: " * * * the indispensable elements of an estoppel are: (1) Ignorance of the party who invokes the estoppel * * *; (2) a representation by the party estopped which misleads; (3) and an innocent and detrimental change of the party asserting the estoppel in reliance upon the representation."

Every one of these elements is lacking in this instance. Appellee could not be ignorant of the ownership of the farm, because its mortgage was executed by the joint owners; and there is no claim that its officers or attorneys supposed or believed that Buss was his wife's agent. There is no proof that any one represented to appellee that Buss was acting as agent of his wife. She did not appear in the proceeding in any capacity. There is no proof that appellee was misled by any one; no proof of innocence; and no proof of detriment.

The second holding of the court is that the orders entered in the former proceeding are res judicata of the rights of all the parties involved in this proceeding. We shall first consider the application of the doctrine to the rights claimed by Vada Darlene Buss.

It is fundamental that the validity of any adjudication, judgment, decree, or order, depends upon the jurisdiction of the court rendering it over the person of the party to be bound. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Gaar, Scott & Co. v. Taylor, 128 Iowa 636, 105 N.W. 125; Thornily v. Prentice, 121 Iowa 89, 96 N.W. 728, 100 Am.St.Rep. 317; Crawford v. Zieman, 192 Iowa 559, 185 N.W. 61.

It is conceded that Mrs. Buss was not a formal party to the petition in the former proceeding. No notice was served upon her. No privity of estate exists between her and her husband. Notwithstanding this situation it is contended that because she knew that the former proceeding was pending she acquiesced in what her husband did and is therefore bound by the order of dismissal. No authority is cited to support this proposition. It is a mere assertion. The general rule is that "no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court." Mallow v. Hinde, 25 U.S. 193, 198, 12 Wheat. 193, 198, 6 L.Ed. 699; Harris v. Randolph, 213 Iowa 772, 236 N.W. 51, 55. In this instance Mrs. Buss

was neither actually nor constructively before the court, and we have found supra that she is not estopped to deny the authority of her husband to represent her in the former proceeding and therefore is not bound by his acts.

■ Whether the orders in the former proceeding are res judicata as to the rights of Walter Clifford Buss is in one sense a question of the jurisdiction of the court in that proceeding. It depends upon whether all the tenants in common of mortgaged premises sought to be administered are necessary and indispensable parties to a petition for relief under § 75, sub. s, of the Bankruptcy Act. In Rogers v. Penobscot Mining Co., 8 Cir., 154 F. 606, 610, this court said: "An indispensable party is one who has such an interest in the subject-matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience." See, also, Bacon v. Rives, 106 U.S. 99, 1 S.Ct. 3, 27 L.Ed. 69; Williams v. Bankhead, 86 U.S. 563, 19 Wall. 563, 22 L.Ed. 184; Egyptian Novaculite Co. v. Stevenson, 8 Cir., 8 F.2d 576, 580; Silver King Coalition Mines Co. v. Silver King Consol. Mining Co., 8 Cir., 204 F. 166, 169, Ann.Cas.1918B, 571; Sioux City Terminal R. & W. Co. v. Trust Co. of North America, 8 Cir., 82 F. 124, 126; Id., 173 U.S. 99, 19 S.Ct. 341, 43 L.Ed. 628.

Speaking of the power of a court to adjudicate a controversy between the parties before the court in the absence of indispensable parties, the court in Barney v. City of Baltimore, 73 U.S. 280, 285, 6 Wall. 280, 285, 18 L.Ed. 825, said: "If a decree is made, which is intended to bind them, it is manifestly unjust to do this when they are not parties to the suit, and have no opportunity to be heard. But as the decree cannot bind them, the court cannot for that very reason afford the relief asked, to the other parties." This was a partition suit, and jurisdiction was denied because some of the tenants in common were not before the court. The court quoted with approval from the decision in Shields et al. v. Barrow, 58 U.S. 130, 140, 141, 17 How. 130, 15 L.Ed. 158, as follows: " * * * a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person, that complete and final justice cannot be done between the parties to the suit without affecting those rights. * * * if the case cannot be thus completely decided, the court should make no decree." See Franz v. Buder, 8 Cir., 11 F.2d 854, 856, 867; Mallow v. Hinde, supra.

These decisions determine that the court was without power to enter any order or decree in the proceeding commenced in March, 1939, by Walter Clifford Buss if such order or decree might injuriously affect the rights of Vada Darlene Buss. Whether such rights are injuriously affected is a mixed question of law and fact, which will next be considered.

It remains, therefore, to determine whether a decree of adjudication of a tenant in common in a mortgaged farm under § 75, sub. s, of the Bankruptcy Act might or would injuriously affect the interests of the bankrupt's cotenant. We have found but one federal case in which the question was directly decided. In the case of In re Harris, D.C.Md., 15 F.Supp. 404, the court considered the question and dismissed a proceeding brought by only one of several tenants in common because of the absence of the cotenants. The court held that an adjudication as to the party before the court and the administration of the farm involved would be prejudicial to the rights of the other cotenants. Compare Miller v. Mangus, 10 Cir., 125 F.2d 507, a case involving joint tenants, not tenants in common.

■ The general rule is stated in 62 C.J. 567. There it is said that, "The ordinary common-law rule requires that tenants in common must join as parties plaintiff in all personal actions concerning the common property." The rule has been applied in actions quasi in rem also, such as bankruptcy. See Barney v. City of Baltimore, supra; Himes v. Schmehl, 3 Cir., 257 F. 69; Nillson v. Lawrence, 148 App.Div. 678, 133 N.Y.S. 293; Lane v. Dobyns, 11 Mo. 105; Tipping v. Robbins, 71 Wis. 507, 37 N.W. 427. No Iowa case upon the point has been called to our attention, and we have found none. Assuming that the Iowa rule accords with the ordinary common-law rule, the court did not have jurisdiction over the subject matter in the former proceeding and the agree-

ment filed and the orders entered therein were void as to all parties. The result might not be the same in a case in which the undivided interest of a tenant in common had been mortgaged separately. That situation is not presented in this case, and we are called upon neither to consider nor to decide it.

■ In attempting to solve this question we are unaided by the briefs of counsel for either party. The situation presented to the district court was obviously made difficult for the same reason. The facts material to a consideration of the question, however, are shown of record. The appellants are tenants in common, each owning an undivided one-half interest in the farm. They are jointly bound on appellee's mortgage because it appears to have been made after title vested in them, and the evidence shows that it was executed by them. They have lived on the farm since 1918, and Mrs. Buss evidently has a homestead right in a part of the land under the laws of Iowa. See Sieg v. Greene, 8 Cir., 225 F. 955, Ann. Cas.1917C, 1006. The importance of making her a party to the proceeding for this reason alone is illustrated by the case of Federal Land Bank of St. Paul v. Rutten, 8 Cir., 102 F.2d 359, a case in which a similar point was involved.

All of these facts were known to the appellee in 1939 and during the pendency of the former proceeding brought by the appellant Walter Clifford Buss alone. None of them, in so far as appears from the record, was brought to the attention of the Conciliation Commissioner or of the court at that time. No motion was made to dismiss for want of a necessary party nor to make Mrs. Buss a party. In the present proceeding the appellee, without discussing the question of jurisdiction now under consideration, merely asserted and argued both in the district court and on this appeal that the appellants are bound by the orders in the former proceeding on the untenable grounds of estoppel and agency. At any time in the former proceeding, the appellee could have removed every difficulty in the case, which would have resulted in securing justice for all the parties and would have insured compliance with the procedure required by the statute. Having failed to do so, the appellee ought not now to be permitted to plead res judicata.

■ Our conclusion is strengthened by another persuasive circumstance. At the time the present proceeding was commenced the period of redemption under Iowa law had not expired. Code of Iowa of 1935, § 11774. Such right of redemption is a property right and was a part of the assets of Mrs. Buss, subject to administration by the bankruptcy court. In Wright v. Logan, 62 S.Ct. 508, 510, 86 L.Ed. ——, decided February 2, 1942, the Supreme Court said: "For 75, sub. n, subjects all of the farmer debtor's assets, specifically including rights of redemption, to the jurisdiction of the bankruptcy court, and provides that 'the period of redemption shall be extended * * * for the period necessary for the purpose of carrying out the provisions of this section.' 11 U.S.C. (Supp. II) § 203, amendment of August 28, 1935, 49 Stat. 942, 11 U.S.C.A. § 203. See Wright v. Union Central Life Ins. Co., 304 U.S. 502, 513–516, 58 S.Ct. 1025, 1031, 1033, 82 L.Ed. 1490."

■ Mrs. Buss is a debtor with a vested right of redemption. Section 11774, Code of Iowa of 1935, supra; 42 C.J. 362. For this reason it is imperative that the farm be administered by the bankruptcy court in order to preserve her rights under § 75. It is the law that "the Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress [citations], lest its benefits be frittered away by narrow formalistic interpretations which disregard the spirit and the letter of the Act." Wright v. Union Central Life Ins. Co., 311 U.S. 273, 279, 61 S.Ct. 196, 200, 85 L.Ed. 184.

■ Mrs. Buss' right of redemption is founded not alone upon the fact that she is a debtor, but as cotenant her right of redemption extends under Iowa law to the entire farm including her cotenant's interest. Council Bluffs Inv. Co. v. Kay, 218 Iowa 515, 255 N.W. 721, 723; Kupper v. Schlegel et al., 207 Iowa 1248, 1253, 224 N.W. 813, 814, 815; Street v. Beal & Hyatt, 16 Iowa 68, 70, 85 Am.Dec. 504. Her right of redemption is not barred even if her husband has relinquished his right to redeem. Haggerty v. Brower, 105 Iowa 395, 75 N.W. 321, 323; Beedle v. Cowley, 85 Iowa 540, 52 N.W. 493.

■ Further, Walter Clifford Buss did not by the strict terms of the agreement filed in the former proceeding relinquish

his right of redemption. At most he consented to the foreclosure of the mortgage. And since he also has a homestead right in the farm he likewise has a right of redemption. Haggerty v. Brower, supra. It would be idle, therefore, to dismiss the present proceeding as to either debtor.

For the foregoing reasons, the orders appealed from are reversed and the case is remanded for further proceedings in conformity with this opinion.

Reversed.