### PUEBLO TRADING CO. v. BAXTER CREEK IRR. DIST.
#### Civil Action No. 4195.

District Court, N. D. California, N. D.
July 11, 1945.

Franklin A. Dill, of San Francisco, Cal., for petitioner.

W. Coburn Cook, of Turlock, Cal., for plaintiff.

WELSH, District Judge.

Plaintiff recovered herein a default judgment against defendant for $24,760.00 principal, and $10,240.79 interest. Its complaint was based on ownership of certain interest-bearing bonds of said defendant, hereinafter referred to as the "District."

Subsequent to said judgment, the Board of Supervisors of Lassen County passed a resolution to the effect that the sum of $43,542.16 was necessary to be raised by assessment to pay said judgment, and the County Assessor was ordered forthwith to prepare an assessment roll of said District. An affidavit of the attorney for defendant was filed herein setting forth that the officers of Lassen County had omitted certain lands from the assessment roll. An order for preparation of a supplemental assessment roll was made wherein it was provided "any landowner owning any portion of said lands may apply to this court for relief from said assessment if in good faith said landowner contends that said assessment is erroneous for the reason that said lands are not subject to the indebtedness of said District."

H. J. Clark, Lurley Clark, Lenora M. Bailey, Lyal Zeitler, George McRorey, Rachel McRorey and Lyman Dermott Stiles filed a petition for an order to show cause, pursuant to said provision of said order. Each alleged that he was not subject to assessment to pay said judgment by reason of the fact that lands now owned by him were excluded from said District by an order of the Board of Directors thereof made April 1, 1922, pursuant to a petition filed January 15, 1921, and that, accordingly, the above entitled court is without jurisdiction to order the assessment of said lands which are not located within the boundaries of said District.

Plaintiff's return to the order to show cause recited that the lands now owned by petitioners were included in the boundaries of said District when it was organized on February 8, 1917; that the bonds were issued and dated July 1, 1921, and sold August 2, 1921; that no notice of the application of the then owners of said lands for exclusion from said District was published prior to March 17, 1922; and that plaintiff is informed and believes that said petition for exclusion was not actually filed on January 15, 1921.

It is argued that petitioners' lands are liable to assessment for the payment of plaintiff's judgment because the bonds were issued before the order of exclusion was made; that petitioners' predecessors were guilty of laches and that petitioners are now estopped to deny that their lands are subject to assessment.

Plaintiff's contention with reference to the date of filing of the petitions for exclusion is answered by an affidavit filed herein on its behalf on April 25, 1945, which refers to a full, true and correct copy of the original affidavit of the publication annexed thereto as an exhibit. Said affidavit sets forth a printed copy of the "Notice of Filing Petitions for Exclusion of Lands from Baxter Creek Irrigation District." The first paragraph of said Notice reads: "Notice is Hereby Given by the undersigned, Secretary of Baxter Creek Irrigation District, that on the 15th day of January, 1921, there were filed with the Board of Directors of said Baxter Creek Irrigation District three petitions praying that certain lands situate in said District, and in said petitions described be excluded and taken from said District."

■ Said affidavit of publication is prima facie evidence of the fact that said petitions were filed on the 15th day of January, 1921, as therein set forth. No evidence to the contrary has been introduced.

■ Plaintiff is in error in claiming that the date of the order of exclusion is determinative of whether or not the lands of petitioners can now be assessed to meet plaintiff's judgment. The California Irrigation District Act, which was in effect in the years 1921, 1922 and 1923, makes the date of the filing of the petition the time for determining whether lands excluded

588

from a district may be released from an obligation to pay outstanding bonds.

Section 77 of said Act, Stats.1897, p. 254, provides:

"The failure of any person interested in said district, other than the holders of bonds thereof outstanding at the time of the filing of said petition (for exclusion of lands from the District) with said board, to show cause, in writing, why the tract or tracts of land mentioned in said petition should not be excluded from said district, shall be deemed and taken as an assent by him to the exclusion of such tract or tracts of land, or any part thereof, from said district * * *."

Section 79, Stats.1897, p. 279, provides that if there be outstanding bonds of the District *"at the time of the filing of said petition"* for exclusion of certain lands, the holders of such outstanding bonds may give their assent in writing to the petition for the exclusion of such lands.

Section 84, Stats.1897, p. 280, provides that nothing in said Act shall in any manner operate to release any of the lands so excluded from the district from any obligation to pay or any lien thereon of any valid "outstanding bonds or other indebtedness of said district *at the time of the filing of said petition"* for exclusion of said lands, and specifies—

"But said land so excluded shall not be held answerable or chargeable for any obligation of any nature or kind whatever, incurred after the filing with the board of directors of said district of the petition for the exclusion of said lands from said district * * *."

■ As the petition for exclusion of the lands now owned by petitioners was filed January 15, 1921, prior to the issuance of the bonds of the District on July 1, 1921, said lands are not subject to any lien of any assessment levied for the purpose of paying said bonds.

■ Plaintiff, having acquired the bonds so issued after the filing with the Board of Directors of said District of the petition for exclusion of said lands, has no ground on which to stand and maintain that said lands are liable to assessment. Its claims relative to laches and estoppel are also untenable.

■ Laches is summarized as "such delay in enforcing one's rights as works disadvantage to another." 30 C.J.S., Equity, § 112, p. 520. It is explained as "the neglect, for an unreasonable and un-explained length of time, under circumstances permitting diligence, to do what in law should have been done." Id.

In Hayes v. Druggists' Circular, 2 Cir., 32 F.2d 215, 217, it was also said: "Such neglect to assert a right, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operate as a basis for laches in a court of equity."

In Baltimore Trust v. Norton Coal Mining Co., D.C., 25 F.Supp. 968, 971, it was stated: "In such cases, courts of equity act upon their own inherent doctrine of discouraging, for the peace of society, antiquated demands, refuse to interfere where there has been gross laches in prosecuting the claim, or long acquiescence in the assertion of adverse rights." The Court there added that it could see no ground to apply the doctrine of laches: "In fact it should only be applied in extreme cases and where some litigant has been placed in a more precarious position by reason of the length of time that has elapsed and because of this has been lulled into a false sense of security."

This Court can see no ground for applying these doctrines here. Petitioners have neither done, nor omitted to do, anything which has placed plaintiff in a more precarious position by reason of lapse of time. Nothing transpired prior to plaintiff's procuring the supplemental assessment roll in 1944, to cause petitioners to even suspect that their lands were claimed to be within the boundaries of defendant district. Their predecessors in interest, too, had no reason to take any further steps after they filed petitions for exclusion from the District and the prescribed procedure was followed terminating in the order of exclusion made by the Directors of the District.

■ Estoppel, as recently as Automatic Paper Co. v. Marcalus Mfg. Co., 2 Cir., 147 F.2d 608, 613, is referred to as "an equitable doctrine, and its essence lies in mutuality."

In Walker v. Lightfoot, 9 Cir., 124 F.2d 3, 6, the Court said: "It is applied where a party, by his conduct, misleads another who relies on the facts indicated by such conduct, to the latter's disadvantage."

■ In Buss v. Prudential Insurance Co., 8 Cir., 126 F.2d 960, 966, the indispensable elements of an estoppel are listed as: "(1) ignorance of the party who invokes the estoppel * * *; (2) a representa-

tion by the party estopped which misleads; (3) and an innocent and detrimental change of the party asserting the estoppel in reliance upon the representation."

Every one of these elements is lacking in the instant case, and none of the above quoted principles applies. This lack occurs by reason of the fixing by the California statute of the date of filing of the petition for exclusion as the test time for determining whether or not bondholders acquire any rights as against property sought to be, or actually, excluded, from an irrigation district.

In Harelson v. South San Joaquin Irrigation District, 20 Cal.App. 324, 331, 128 P. 1010, 1013, this apt language was used: "If a bonded indebtedness had been created and the bonds had been sold and had become a lien on the land before plaintiff petitioned to have it excluded, a question of estoppel might arise. But no such situation existed."

Certain presumptions, too, aid petitioners herein. Presumptions are evidence. California Code of Civil Procedure, sec. 1957, subd. 2.

Applicable presumptions under the California Code of Civil Procedure are: "entries in public * * * books * * * made in the performance of his duty by a public officer of this state, or by another person in the performance of a duty specially enjoined by law, are prima facie evidence of the facts stated therein." Sec. 1920.

"That official duty has been regularly performed." Sec. 1963, subd. 15.

"That the ordinary course of business has been followed." Sec. 1963, subd. 20.

"That the law has been obeyed." Sec. 1963, subd. 33.

The order of the Board of Directors of the District with respect to the petitions of the predecessors in interest of petitioners herein was recorded in the office of the County Recorder of the County of Lassen, State of California, on October 29, 1923. The following excerpts therefrom reinforce the above mentioned presumptions and furnish added evidence favorable to petitioners:

"The petitions of Lyman C. Stiles, Ira M. Hamilton and Charles Hollfelder, praying for the exclusion of certain lands in said petitions and hereinafter described, from Baxter Creek Irrigation District, coming on regularly to be heard before the above

named board of directors on the first day of April, 1922, at two o'clock P.M. * * * and proof having been made that notice of said hearing, as required by law, has been given by publication in the Lassen Advocate, a newspaper of general circulation published at Susanville in said County of Lassen, the county wherein said irrigation district is situated, for the time and in the manner required by law * * * and evidence in support of said petitions having been introduced before said board * * * and it appearing from said evidence to the satisfaction of said board of directors that it will be impossible to irrigate the lands in said petitions described, or any portion thereof, from the system of canals and ditches now being constructed for the district, and it further appearing that said lands will derive no benefits from said district, and that it is for the best interest of the district that the lands in said petitions described and sought to be excluded from said district and all thereof shall be excluded therefrom;

"It is therefore ordered that all of those certain lands situate in the County of Lassen, State of California, in said petitions and hereinafter particularly described, be, and the same are hereby excluded from said Baxter Creek Irrigation District."

The recordation shows the signatures of Geo. W. Dieter, President, and J. A. Pardee, Secretary.

The recitals in said order are, in the absence of any evidence to the contrary, entitled to be regarded as true. Inasmuch as the order recites that the petitions came on regularly for hearing, that notice was given for the time and in the manner required by law, and that no cause was shown why the prayer of said petitions should not be granted, this Court cannot do otherwise than hold that the proceedings were regular and adequate for the Board of Directors to act as it did.

Said Board found that it would be impossible to irrigate the lands described, or any portion thereof, from the system of canals and ditches constructed for the District and said lands would derive no benefits from said District. It would be in equitable for this Court to now make any order which would burden the owners of said lands with assessments resulting from bonds issued by the District, from which District said lands were, more than twenty years ago, excluded.

It is therefore held that the lands of the aforesaid petitioners herein, and each of them, are not located within the boundaries of the Baxter Creek Irrigation District, defendant in above entitled action, are not subject to the indebtedness of said defendant, and are not liable or subject to assessment by said defendant, the Board of Supervisors of Lassen County, California, the Assessor, Tax Collector, Treasurer, or any other officer of said County, or any of them, to pay the judgment rendered in the above entitled action; and

It is hereby further ordered that the order heretofore made herein on the 26th day of September, 1944, requiring that the Board of Supervisors and officers of Lassen County, California, prepare an assessment roll of said lands and assess said lands for the payment of the judgment in the above entitled action be amended so as to exclude the property described in Exhibit "A" attached to the petition filed on the 2nd day of April, 1945.